UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

TAMMY J. BOYD, *et al.*

On behalf of herself and on behalf of
all others similarly situated,

        Plaintiffs,

v.

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN, AND
MERITER HEALTH SERVICES, INC.,

        Defendants.

Case No. 3:10-cv-00426-wmc

---

## STIPULATED CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. <u>Definitions</u>.

    1.1    "Party" is any natural person or any business, legal or governmental organization, association, corporation, partnership or entity, whether or not a named-party to this action, that produces or receives discovery material in this action.

    1.2    "Named Party" or "named-party" means a named plaintiff or named defendant in this action.

    1.3    "Producing Party" is any Party that produces discovery material.

    1.4    "Receiving Party" or "recipient" is any party that receives discovery material.

1.5     "Designating party" is any Party that designates discovery material as Confidential.

1.6     "Redacting party" is any Party that redacts Confidential Discovery Material as set forth below.

1.7     "Document" is defined to be synonymous in meaning and equal in scope to the terms "document" and "electronically stored information" as used in the Federal Rules of Civil Procedure.

1.8     "Discovery Material," "Material," "discovery material" and "material" are synonymous in meaning and mean any or all documents and/or electronically stored information produced to a Receiving Party, whether pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Court for the Western District of Wisconsin, statute, subpoena, agreement or otherwise.  Such material includes but is not limited to electronically stored information and documents produced pursuant to Fed. R. Civ. P. 34 or 45, interrogatory answers produced under Fed. R. Civ. P. 33, admissions produced under Fed. R. Civ. P. 36, and deposition testimony given pursuant to Fed. R. Civ. P. 30 or other testimony given at any court hearing or trial.

1.9     "Confidential Discovery Material," "Confidential Material," "Confidential Information," and "confidential material" are synonymous in meaning and mean:

    (a)     Documents and/or information relating to the specific benefits paid or due to an individual plan participant but only to the extent such documents and/or information also contain or reveal Personal Identifiers as defined below in § 1.11;

    (b)     Documents and/or information involving a trade secret or other

     confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c);

 (c) Documents and/or information that the Producing Party believes in good faith to constitute Confidential Material. A Producing Party may treat such documents and/or information as Confidential Material for reasons not set forth in § 1.9(a) or (b) but only if it has specific grounds for doing so.

1.10 "Non-Confidential Discovery Material," "Non-Confidential Material," "non-confidential discovery material," and "non-confidential material" are synonymous in meaning and include:

 (a) Documents and/or information that were or are in the public domain, publicly disseminated, publicly available (whether by internet posting or through affirmative request), or available to participants or beneficiaries pursuant to 29 U.S.C. §§ 1021, 1022, 1024, and/or 1025, except for documents that have entered the public domain inadvertently or as a result of a breach of a duty;

 (b) Documents which have been redacted pursuant to § 5 below;

 (c) Documents and/or information containing Personal Identifiers if written permission is obtained by the Party seeking non-confidential treatment of the document or information from the participant concerned to disclose his or her Personal Identifiers as defined below in § 1.11.

1.11 "Personal Identifiers" means information which would reveal the identity of any Plan participant, such as the participant's name, email address, or non-public employment

details. In addition, "Personal Identifiers" includes any person's home address, date of birth, home telephone number, or social security number.

2.  Rules Governing Designation and Redaction of Discovery Material.

    2.1  All Discovery Material as defined in § 1.8 above shall be subject to this Order, as set forth below:

        (a)  With respect to documents, the designation of Confidential Information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "Confidential." Affixing a "Confidential" legend on the cover of any multi-page document, CD-ROM, DVD, and/or any other storage mediums shall be sufficient to designate the entire document as Confidential. Except for documents produced for inspection at the Party's or non-party's facilities, the designation of Confidential Information shall be made prior to or contemporaneously with, the production or disclosure of that information.

        (b)  In the event that documents are produced for inspection at the Party's or non-party's facilities, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked Confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before they are copied and marked Confidential pursuant to this procedure.

(c) Parties may designate depositions or other testimony, or portions thereof, as Confidential by any one of the following means: (1) stating orally on the record that the information is Confidential and the portions for which such designation is made, on the day that testimony is given; or (2) sending written notice designating information as Confidential.

(d) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents containing Confidential Information shall be treated as Confidential Information subject to the provisions of this Order and should be marked "Confidential" if that word does not already appear.

2.2 Discovery material, whether deemed Confidential or Non-Confidential, shall not be redacted before production to the Receiving Party or Parties, unless it is being redacted on the grounds of attorney-client privilege or work-product protection.

2.3 No party shall designate as Confidential material that is Non-Confidential within the meaning of § 1.10.

2.4 A recipient of material that has been designated as Confidential Information may object to such designation by notifying the Producing Party in writing. The material will be treated as Confidential until the parties reach agreement or the dispute is resolved by the Court. If the dispute cannot be resolved informally, the Party who designated the material as Confidential must seek Court redress within fifteen (15) calendar days of an initial written objection (not counting the date of the initial objection). Any papers filed with the Court may not include such Confidential Information, unless filed under seal, but may redact the Confidential Information or refer to the documents containing Confidential Information by

proper identification, such as Bates Stamp number or date and author. If the designating party fails to seek redress by that time, the material shall be treated as Non-Confidential. The burden of proof to establish Confidentiality shall at all times be on the party who designated the material as Confidential.

      2.5    A Party may designate material as Confidential whether or not it produced the material.

      2.6    Material may be stamped "Confidential" but material inadvertently not designated as Confidential may be so designated by written notification so long as such notification specifically identifies each page of each document or each item of information claimed to be Confidential. For purposes of this provision, providing a beginning and ending Bates range of the affected pages shall suffice.

3.    <u>Safeguards to Protect Confidentiality</u>.

      3.1    Confidential Material, including material obtained, derived or generated from Confidential Material, will not be used for any purpose other than the prosecution or defense of this action, including the filing of motions and related papers in this action, preparation for trial of this action and trial, post-trial and appellate proceedings arising out of this action.

      3.2    Persons that may have access to Confidential Material include:

          (a)    The Court and all Court personnel (including all court reporters employed by the Court and all mediators);

          (b)    Court reporters employed in connection with this action;

          (c)    Counsel of record in this action, members of their law firms, and attorneys, paralegals, clerical personnel and other persons, agents, contractors or sub-contractors who are employed, engaged or retained by

such counsel to assist in the prosecution or defense of this action;

(d) The Named Parties including their officers, directors, partners, insurers and employees, to the extent necessary to assist counsel in the prosecution or defense of this action;

(e) Actual and potential witnesses (and their counsel) to the extent deemed necessary, in good faith, by counsel to prepare for or give testimony regarding facts at issue in this litigation, but as to this category (e), counsel must retain physical custody of the Confidential Material unless consent to release is given by the party that designated it as Confidential;

(f) Experts or consultants (and employees of such experts or consultants) consulted for the purpose of being retained by any party in connection with this action;

(g) Vendors (including copy centers);

(h) Any other person whom a producing party or this Court authorizes;

(i) Persons with prior knowledge of the Confidential Material at issue or to whom the Confidential Material exclusively pertains; and

(j) Any person who is indicated on the face of the document to have been an author, addressee, or copy recipient.

3.3 Persons described in §§ 3.2(e) and 3.2(f) above shall not be shown Confidential Material without first signing an agreement to be bound by this Confidentiality Stipulation and Order, provided that this provision shall not apply to Material shown to such persons for the first time during depositions or other proceedings at which they are the witness.

3.4 No receiving party will disclose, describe, or otherwise communicate Confidential

Material except as permitted by this Stipulation and Order or as required by other applicable law.

        3.5    In the event that Confidential Material is disclosed to any person or entity not authorized to receive such information under the terms of this Stipulation and Order, the Party responsible for having made or who otherwise has knowledge of the disclosure shall (a) inform counsel for all named parties (and the producing party, if applicable) of the disclosure within three (3) business days of learning of the disclosure, and (b) advise counsel for all named parties (and the producing party, if applicable) of the nature and circumstances of the disclosure. The Party responsible for the disclosure shall arrange for the return of the Confidential Material and shall take measures necessary to prevent any additional unauthorized disclosure.

        3.6    If a Party receives a subpoena or other process seeking production of Confidential Discovery Material, that party shall give written notice to the Designating Party and all counsel of record within three (3) business days of receiving the subpoena or other process and produce a copy of the subpoena or other process to the designating party and all counsel of record to give such party or parties a reasonable opportunity seek to quash such subpoena or process. No disclosure of Confidential Material may be made unless such disclosure is required by court order or the terms of the subpoena or other process.

4.    <u>Filing Restrictions for Confidential Material</u>.

Absent the written consent of the Designating Party, if Confidential Material is filed with the Court, the Party filing such material must file a motion to seal with respect to the Confidential Material.

5.    <u>Redaction of Personal Identifiers</u>.

        5.1    The specific benefits paid or due to individual participants are only considered Confidential Material under the provisions of this Stipulated Confidentiality Order based on the

Personal Identifiers contained therein. Accordingly, such Material is not Confidential Material when Personal Identifiers are redacted unless the material contains other Confidential Information.

5.2  Named Parties waive any objections to the admission of such redacted Material on the grounds of incompleteness or redaction based solely on such redactions, provided Personal Identifiers (as opposed to unique identifiers referenced in § 5.3 below) are not somehow necessary for understanding such redacted Material.

5.3  The redacting party will replace Personal Identifiers in any material where they are found with corresponding unique identifiers that do not reveal the identity of the person to which they pertain. The redacting party will provide all named parties with a "key" for deciphering these unique identifiers such that they correspond to and reveal individual plan participants' Personal Identifiers.

6.  Privilege issues.

No provisions of this Stipulated Confidentiality Order shall be construed to require the production of any Documents or other Discovery Material that is protected by the attorney-client privilege or the work-product doctrine.

7.  Rights reserved.

This Stipulated Confidentiality Order is without prejudice to the right of any Party to apply to the Court for a modification of this Stipulated Confidentiality Order or for a further protective order.

8.  Non-Termination.

The provisions of this Stipulated Confidentiality Order will continue to be binding through and after the final conclusion of this action unless otherwise agreed in writing by the

parties or ordered by the Court. Within thirty (30) days after final conclusion of all aspects of this action including any appeals, any person who received Confidential Material must destroy all such material except for copies of papers filed or submitted to the Court containing Confidential Material.

SO STIPULATED AND AGREED:

/s *Eli Gottesdiener*
Eli Gottesdiener
Steven D. Cohen
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, NY 11215
(718) 788-1500
(718) 788-1650 (facsimile)

Attorneys for Plaintiffs and the subclasses

/s *Jeffrey A. Sturgeon*
Jeremy P. Blumenfeld (pro hac vice)
Jeffrey A. Sturgeon (pro hac vice)
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000
(215) 963-5001 (facsimile)

Charles C. Jackson (pro hac vice)
Jeffrey J. Kmoch (pro hac vice)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
(312) 324-1000
(312) 324-1001 (facsimile)

Todd G. Smith
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
(608) 257-3911
(608) 257-0609 (facsimile)

Attorneys for Defendants

SO ORDERED:

_____
United States Magistrate Judge

Dated: OCT. 26, 2012.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

TAMMY J. BOYD, *et al.*

On behalf of herself and on behalf of
all others similarly situated,

        Plaintiffs,

v.

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN, AND
MERITER HEALTH SERVICES, INC.,

        Defendants.

Case No. 3:10-cv-00426-wmc

---

## CERTIFICATION

    I, _____ hereby certify that I have read the Stipulated Confidentiality Order entered in the above-captioned case on _____, 2012, and that I understand its terms.

    I hereby agree that I am bound by the terms of the Stipulated Confidentiality Order and I agree to comply with those terms.

    I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Western District of Wisconsin to enforce the terms of the Stipulated Confidentiality Order and this Certification.

Dated: _____         _____

                                                                                                                          [signature]