IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHYLLIS JOHNSON,

                              Plaintiff,                         OPINION AND ORDER

        v.                                                       10-cv-426-wmc

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN and
MERITER HEALTH SERVICES, INC.,

                              Defendants.

The court previously granted plaintiff's motion for class certification except as to subclass E2, finding the original proposed class representative inadequate, but providing plaintiff an opportunity to cure this defect. (Dkt. #186.) On appeal pursuant to Federal Rule of Civil Procedure 23(f), the Seventh Circuit affirmed this court's grant of class certification. *Johnson v. Meriter Health Servs. Emp. Retirement Plan*, 702 F.3d 364 (7th Cir. 2012). In this opinion and order, the court will address two remaining class certification issues: (1) the adequacy of plaintiff's second proposed class representative for subclass E2, Donna Smith; and (2) whether and when notice should be distributed to class members. For the reasons that follow, the court finds Donna Smith an adequate representative of subclass E2 and will include that subclass in its final order on class certification. The court also finds that class notice should be distributed at this time. Finally, before the court is plaintiff's suggestion of death and motion for substitution of deceased representative Stephen Hansen with his widow and beneficiary, Sue Hansen, (dkt. #233), which the court will grant.

OPINION

## I.   Subclass E2

Proposed subclass E2 is comprised of individuals who received a lump sum on or after July 31, 2004, which is within six years of the complaint being filed.  As previously explained, the date of receipt of the lump sum may be material to determining whether certain class members' claims are barred by the statute of limitations.  (2/8/13 Op. & Order (dkt. #217) 2-3.)  After finding plaintiff's original proposed class representative inadequate because of her bankruptcy proceeding, plaintiff first proposed that subclass E2 be combined with subclass E1 and E1's class representative be the class representative for a combined subclass E.  The court rejected this alternative because subclass E1's representative may be subject to a different, stronger statute of limitations defense than the members of proposed subclass E2.  (*Id.*)

Now, plaintiff proposes Donna Smith as the class representative of subclass E2. Meriter opposes Smith because -- while she received her lump sum payment in early August 2004, and therefore after July 31, 2004 -- Smith received a "clear and unequivocal notice of the amount of her lump sum distribution -- and elected a lump sum benefit -- by July 26, 2004 at the very latest."  (Defs.' Opp'n (dkt. #230) 2; *see also* 3/13/13 Smith Depo., Ex. 265 (dkt. #229-1).)[1]  In response, plaintiff argues that Smith

---

[1] Meriter also opposes Smith because she "lacks knowledge about basic aspects of this case."  (Defs.' Opp'n (dkt. #230) 6.)  Defendants' description of Smith's awareness of this case is similar to their criticism of the other proposed class representatives in their opposition to plaintiff's motion for class certification.  (Defs.' Class Cert. Sur-reply (dkt. #117) 19-29.)  In its class certification opinion, the court rejected this basis for finding a class representative inadequate.  (2/17/12 Op. & Order (dkt. #186) 23-24.)  Defendants could have pursued this argument with the Seventh Circuit on interlocutory appeal.  To

is adequate because she received her lump sum after July 31, 2004, and because the communication she received prior to that date is similar to annual statements received by other members of the E2 subclass, purportedly identifying the amount of their account balances.  (Pl.'s Resp. (dkt. #231.)  The court agrees.

In determining whether certain class members' claims are timely, the court will need to consider whether these statements serve as "clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary."  *Thompson v. Retirement Plan for Emps. Of S.C. Johnson & Son, Inc.*, 651 F.3d 600, 604 (7th Cir. 2011).  In that way, Meriter's defense to Smith's claim is similar to that asserted against other members of subclass E2, and is not a basis for finding her inadequate.  Accordingly, the court finds that subclass E2 satisfies the adequacy requirement of Rule 23(a) and will certify this subclass along with the others.

## II.   Notice

In response to the court's request, both parties have submitted position statements on whether and when notice to the class members should be distributed.  Defendants believe notice is not required given the court's decision to bifurcate the trial, the court's preliminary findings that the calculation of damages will be mechanical, and the costs associated with providing notice.  (Defs.' Position on Notice (dkt. #226).)  As is a given

---

the extent that they did, the Seventh Circuit rejected it by failing to address it in its opinion.  Regardless, the court finds Smith's awareness of the nature of this lawsuit and her role as a class representative sufficient to meet the adequacy requirement under Fed. R. Civ. P. 23(a) for the same reasons it found the other class representatives adequate. (*Id.*)

in this case, plaintiff disagrees, contending that "class members should be told of the pendency of this case, its general nature, that counsel has been appointed to represent them and how to contact counsel." (Pl.'s Position on Notice (dkt. #227.) 1.) In support, plaintiff cites to Judge Crabb's order approving notice in a similar Rule 23(b)(2) class. *See Ruppert v. Alliant Energy Cash Balance Pension*, No. 08-cv-127-bbc, dkt. #82 (W.D. Wis. Apr. 16, 2009). In her order, Judge Crabb acknowledged that while notice was "not necessary to satisfy due process, it is, at worst, 'unhelpful to either side.'" *Id.* at 2 (quoting *LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448, 459 (N.D.N.Y 2003)). So, too, here. There is no harm in informing the class members of the pendency of this lawsuit at this time, especially in light of plaintiff's offer to carry the burden of the notice consistent with the "usual rule." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974) ("The usual rule is that a plaintiff must initially bear the cost of notice to the class.").

Plaintiff proposes that the approved notices be included in the periodic statements from the Plan for all class members receiving such statements. For others, plaintiff offers to engage the services of a notice administrator to handle the mailing. As indicated above, plaintiff also offers to pay for printing the approved notice. This approach appears reasonable to the court. In the order below, the court sets forth the specific details on approving the notice and distributing it to class members.

### III.    Substitution of Stephen Hansen

Plaintiff reports that the class representative of subclass E1, Stephen Hansen, sadly passed away on July 26, 2012.  (Pl.'s Mot. (dkt. #233) 2 (citing Decl. of Sue Hansen (dkt. #235) ¶ 1).)  Pursuant to Federal Rule of Civil Procedure 25(a)(1), plaintiff seeks to substitute Stephen Hansen with his spouse and named beneficiary of the Plan benefits, Sue Hansen.  Defendants object on the basis that plaintiff filed the present motion more than six months after Stephen Hansen's death and Rule 25 requires that a motion be "made within 90 days after service of a statement noting the death."  (Defs.' Opp'n (dkt. #236) 2 (quoting Fed. R. Civ. P. 25(a)(1)).)

As plaintiff points out in reply, the motion and the service of the statement noting Mr. Hansen's death were made on the same day.  As such, the motion passes the express requirement of Rule 25.  Still, defendants press that undue delay in notifying the court of death and moving for substitution can be a basis for denying leave.  (Defs.' Opp'n (dkt. #236) 2-3 (citing Fed. R. Civ. P. 25 Advisory Committee's note - 1963 Amendment; *S & W X-Ray, Inc. v. Film Recovery Sys., Inc.*, No, 84 C 10479, 1987 WL 6626, at *4 (N.D. Ill. Feb. 9, 1987)).)  Plaintiff represents that she did not learn of Mr. Hansen's passing until December.

While plaintiff could have filed the statement of Hansen's death and sought substitution earlier, the court finds no prejudice in the delay.   This case was on appeal to the Seventh Circuit at the time of Mr. Hansen's death and the motion for substitution was filed before the court's issuance of its final order on class certification.

Defendants also oppose plaintiff's motion on the basis that they have not had adequate time to assess Sue Hansen's adequacy.  (Defs.' Opp'n (dkt. #236) 3.)  Ms. Hansen will simply stand in the shoes of her husband's claim in this action.  Defendants already had an opportunity to depose Mr. Hansen.  As such, further discovery is not warranted at this time.  Moreover, Ms. Hansen has submitted two declarations indicating that she is prepared to serve as a class representative.  (Decl. of Sue L. Hansen (dkt. #235); Decl. of Sue L. Hansen (dkt. #244).   The court finds this sufficient to find her an adequate class representative and, accordingly, will grant plaintiff's motion for substitution of party and, as reflected below in the order, has named Sue Hansen as the representative of subclass E1.

ORDER

IT IS ORDERED that:

1)   Plaintiff's motion for substitution (dkt. #233) is GRANTED;

2)   Plaintiff's motion for class certification with respect to subclass E2 is GRANTED;

3)   This action shall be maintained as a class action pursuant to Fed. R. Evid. 23(b)(2);

    a)  the following subclasses are approved:

        i.   Class A is defined as follows:

All persons who received a lump sum distribution from the Meriter Health Services Employee Retirement Plan ("the Plan") between October 1987 and December 31, 2002 whose lump sum, without regard to any other alleged calculation defects, was less than the lump sum they would have received had the lump sum been calculated using the applicable ERISA § 205(g), 29 U.S.C. § 1055(g); 26 U.S.C. ("IRC") § 417(e) factors; and the beneficiaries

6

and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Phyllis Johnson is the named representative of Class A.

    ii.    Class B is defined as follows:

All persons who prior to attaining age 65 received a lump sum distribution from the Plan between October 1987 and December 31, 2002 including such members of Class A; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Madge English is the named representative of Class B.

    iii.    Class C defined as follows:

All persons who terminated employment with Meriter Health Services, Inc. ("Meriter") prior to January 1, 2002 and whose benefits did not commence prior to January 1, 2003; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Claudia Greco is the named representative of Class C.

    iv.    Class D is defined as follows:

All persons who commenced annuity payments under the Plan between October 1987 and December 31, 2002 who were at least age 55 but younger than 65 on the date their benefit payments commenced; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Joyce Emerson is the named representatives of the Class D.

    v.    Class E1 is defined as follows:

All persons who accrued benefits under the Plan both before and after January 1, 2003 and who received a lump sum distribution from the Plan on or after January 1, 2003 but before July 30, 2004, as well as participants who accrued benefits under the Plan before January 1, 2003 who terminated between 1/1/2002 and 12/31/2002 and who received a lump sum distribution from the Plan on or after January 1, 2003 but before July 30, 2004; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Sue Hansen is the named representative of Class E1.

vi.    Class E2 is defined as follows:

All persons who accrued benefits under the Plan both before and after January 1, 2003 and who received a lump sum distribution from the Plan on or after July 30, 2004 but on or before August 17, 2006, as well as participants who accrued benefits under the Plan before January 1, 2003 who terminated between 1/1/2002 and 12/31/2002 and who received a lump sum distribution from the Plan on or after July 30, 2004 but on or before August 17, 2006; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Donna Smith is the named representative of Class E2.

vii.    Class F is defined as follows:

All persons who accrued benefits under the Plan both before and after January 1, 2003 and who received a lump sum distribution from the Plan after August 17, 2006, as well as participants who accrued benefits under the Plan before January 1, 2003 who terminated between 1/1/2002 and 12/31/2002 and who received a lump sum distribution from the Plan after August 17, 2006; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Linda Muller is the named representative of Class F.

viii.    Class G is defined as follows:

All persons who accrued benefits both before and after January 1, 2003, who commenced annuity payments under the Plan on or after January 1, 2003 and who were at least age 55 but younger than 65 on the date their benefit payments commenced; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Michele McCabe is the named representative of the Class G.

ix.    Class H is defined as follows:

All persons with vested rights to a Plan benefit who accrued benefits both before and after January 1, 2003, who have terminated employment with Meriter and who have not yet received a distribution of said Plan benefit, as well as participants who accrued benefits under the Plan before January 1, 2003 who terminated between 1/1/2002 and 12/31/2002 Meriter and who have not yet received a distribution of said Plan benefit; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Krystal Wages is the named representative of the Class H.

    x.    Class I is defined as follows:

All persons with vested rights to a Plan benefit who accrued benefits both before and after January 1, 2003, who are currently employed by Meriter and who have not yet received a distribution of said Plan benefit; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Ann Marie Stephens is the named representative of the Class I.

    xi.    Class J is defined as follows:

All persons who entered the Plan for the first time on or after January 1, 2003; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

Plaintiff Jill Anthony is the named representative of the Class J.

b) Eli Gottesdiener, Esq., of Gottesdiener Law Firm, PLLC, is appointed class counsel pursuant to Fed. R. Civ. P. 23(g).

4) Distribution of notice to class members is appropriate at this time. To that end,

a) on or before May 9, 2013, plaintiff shall either file the parties' agreed-upon notice, or, in the event agreement cannot be reached, plaintiff shall file her proposed notice. Plaintiff shall also email defendant and the court (wiwd_wmc@wiwd.uscourts.gov) a version in Microsoft Word.

b) If the parties disagree about the content of the notice, on or before May 16, 2013, defendants shall file objections to plaintiff's proposed notice in red-lined form. Defendants shall also email the court its version in Microsoft Word.

c) Within two weeks of this court's order approving the notice, plaintiff shall complete printing of the notice and provide adequate copies to defendants for distribution to certain class members as part of their periodic mailings.

d) On or before May 16, 2013, defendants shall provide plaintiff a list of all class members not receiving regular periodic Plan statements including their full names and current addresses.

e) Plaintiff shall engage a notice administrator to mail the notice to class members who are no longer receiving Plan statements. Plaintiff shall certify to this court that the mailing has been accomplished within 30 days of the mailings.

f) Defendants shall certify to this court that the mailing has been accomplished within 30 days of the mailings.

Entered this 25th day of April, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge