IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHYLLIS JOHNSON, *et al.*, on behalf of
themselves and all others similarly situated

                               *Plaintiffs*,                  OPINION AND ORDER

v.                                                            10-cv-426-wmc

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN and
MERITER HEALTH SERVICES, INC.,

                               Defendants.

---

The court held a telephonic conference on July 10, 2014, at which all parties appeared by counsel to address: (1) the remaining issues for the upcoming trial; (2) plaintiffs' recently-filed motion for entry of judgment pursuant to Rule 54(b) (dkt. #428); and (3) defendant's motion to strike plaintiffs' expert's damages report, order supplementation or defer defendants' rebuttal deadline (dkt. #383). The court ruled on the record on the two pending motions, clarified the issues for trial and modified trial deadlines as described in the opinion and order below.

I. **Defendants' Motion to Strike**

Defendants seek an order striking plaintiffs' expert Lawrence Deutsch's damages report on the basis that it did not include any calculations or state any damages. (Defs.' Mot. to Strike (dkt. #383) 2.) While the court understands defendants' frustration with not having specific damage numbers for settlement or other purposes, the court will not strike Deutsch's report on that basis. To the extent the court finds liability under any of plaintiffs' remaining claims, the court envisions permitting testimony from Deutsch and

others, as well as argument, regarding the appropriate methodology for calculating damages.[1] Likely, the court would then rule on a method and supply appropriate inputs, if necessary, for the Plan to calculate those damages for members of each affected sub-class. Once those calculations have been made, the court further anticipates giving the parties an opportunity to object, and if necessary, a subsequent trial on those factual issues still in dispute. Regardless, the court will deny defendants' motion to strike, and will take up any remaining issues regarding the damages proof necessary in this case after determining liability.

## II. Plaintiffs' Motion for Entry of Judgment Pursuant to Rule 54(b)

Following this court's issuance of its opinion on summary judgment, plaintiffs moved for entry of judgment on all of the claims the court found barred by the statute of limitations and/or rejected on the merits. (Dkt. #428.) In addition to the entry of partial judgment, plaintiffs sought a stay of the July 28, 2014, trial, pending a decision on appeal of that Rule 54(b) judgment. As the court explained during the telephonic status conference, the court sees no just cause for entering partial judgment for the purpose of facilitating a second interlocutory appeal on a portion of this case, especially in light of an impending trial date at the end of this month, and the efficiencies that will be gained on sending the entire record forward to the Seventh Circuit. Accordingly, the court will deny plaintiffs' request to enter judgment pursuant to Rule 54(b) and maintain the July 28th trial.

---

[1] The court uses the term "damages" broadly to include equitable remedies, including a sur-charge.

Still, plaintiffs' motion highlights the substantial overlap between the claim the court already indicated will be allowed to go forward to trial -- a breach of fiduciary duty premised on defendants' alleged concealment of their failure to calculate benefits as required under IRC § 417(e) from 1987 through 2003 -- and the wear-away claim (which was also alleged as an ERISA § 404 breach of fiduciary duty claim) and the ERISA § 204(h) notice claim concerning defendants' failure to adequately describe wear-away. Indeed, a finding of breach of fiduciary duty with respect to the § 417(e) claim may well open the door to a finding of breach of fiduciary duty with respect to the wear-away claim and a violation of ERISA § 204(h).  In other words, defendants' alleged affirmative concealment or fraud with respect to the § 417(e) claim may have extended to their treatment of account balances as part of the transition to the amended plan, or at least, plaintiffs may argue.  Moreover, alleged concealment also may have pushed back the accrual date of an ERISA § 204(h) claim, rendering that claim timely.  Accordingly, in addition to the issues already identified for trial in the court's summary judgment opinion, the court reconsidered and will allow the following additional claims to proceed to trial:

- Whether defendants breached their fiduciary duty to act for the exclusive purpose of plan participants and beneficiaries by concealing wear-away of accrued benefits in transitioning account balances to the post-amendment Plan in early 2003; and

- Whether defendants' concealment of the wear-away issue postponed accrual of an ERISA § 204(h) claim, and if so, whether the § 204(h) notice failed egregiously to provide participants with sufficient information to allow them to understand the effect of the proposed 2003 plan amendment.

ORDER

IT IS ORDERED that:

1) defendants' motion to strike plaintiffs' expert's damages report, order supplementation or defer defendants' rebuttal deadline (dkt. #383) is DENIED;

2) plaintiffs' motion for entry of judgment under Rule 54(b) and to continue the July 28, 2014, trial (dkt. #428) is DENIED;

3) the court's summary judgment decision (dkt. #415) is amended to allow plaintiffs to proceed on the two additional claims described above; and

4) in advance of the July 28, 2014, trial, the court sets the following procedures and deadlines:

    a. the deadlines set for proposed findings of facts and responses (dkt. #392) are STRUCK;

    b. the trial briefs remain due July 23, 2014, but are limited to no more than 35 pages per side;

    c. by today, July 11, 2014, plaintiffs shall provide defendants with rough transcriptions of any notes it intends to offer at trial, with final versions provided by July 14, 2014;

    d. by July 15, 2014, the parties shall exchange exhibit lists, and meet and confer on any objections by July 18, 2014;

    e. by July 23, 2014, the parties shall file their exhibit lists using the court's standard forms (http://www.wiwd.uscourts.gov/forms#Civil_Forms) with objections noted; and

    f. by July 25, 2014, plaintiffs shall provide defendants with a list of witnesses grouped by time and day in the rough order to be called; defendants' list is due by July 28, 2014.

Entered this 11th day of July, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

4