Exhibit 1 to Class Settlement Agreement

*Johnson, et al. v. Meriter Health Services Employee Retirement Plan, et al.*,
3:10-cv-00426-wmc (W.D. Wis.)

# Proposed Preliminary Approval Order

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**PHYLLIS JOHNSON,** *et al.*,

**On behalf of themselves and on behalf of**                    Case No. 3:10-cv-00426-wmc
**all others similarly situated,**

                                         **Plaintiffs,**

     **v.**

**MERITER HEALTH SERVICES**
**EMPLOYEE RETIREMENT PLAN, and**
**MERITER HEALTH SERVICES, INC.,**

                                         **Defendants.**

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING NOTICE TO THE CLASS, AND MODIFYING THE DEFINITIONS OF CLASSES G AND J

Before the Court is Plaintiffs' motion for preliminary approval of the parties' Class Action Settlement (the "Agreement") and related relief.  The Court hereby grants the motion and preliminarily approves the proposed settlement and Plaintiffs' recommended plan of allocation; modifies the definitions of Classes G and J in conformance with the parties' Agreement and for the reasons the parties request; and approves the proposed mailed and publication notices for distribution to all class members.

**A.      Preliminary Approval**

1.      Based upon the Court's review of Plaintiffs' motion, the papers submitted in connection with the motion and the record herein, the Court will grant preliminary approval of the settlement, including Plaintiffs' proposed plan of allocation of the net settlement proceeds.

2.      The Court concludes that at this preliminary stage, the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Specifically, the Court finds that the proposed settlement appears "fair, reasonable, and adequate." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 986 (7th Cir. 2002).

3.      The Court finds that preliminary approval is appropriate in light of (a) the strength of the Plaintiffs' case compared to the amount of the settlement, which indicates that the amount obtained through negotiation falls well within a reasonable range of what Plaintiffs could anticipate obtaining were the case to be litigated through final judgment; (b) the fact that the settlement resulted out of arms-length negotiations, assisted by Clerk of the Court/Magistrate Judge Oppeneer; (c) the complexity, expense, and duration of further litigation, including any appeals and cross-appeals; (d) this advanced stage of litigation, which enabled Plaintiffs to evaluate the merits of their case and probabilities of success were the case to be litigated through final judgment; and (e) the opinion of experienced class counsel that the settlement is fair, reasonable and adequate under the circumstances. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996); *Mirfasihi v. Fleet Mortgage Corp.*, 450 F.3d 745, 748 (7th Cir. 2006).[1]

**B.      Class Definitions**

1.      The Class definitions for the 11 classes or subclasses A, B, C, D, E1, E2, F, G, H, I, and J remain the same as they were defined and certified by the Court on April 25, 2013 (Doc. 245), except that Class G and Class J are hereby redefined as follows:

---

[1] The definitions and terms set forth in the parties' Agreement are hereby adopted and incorporated into this Order.

2

**Class G**:  All persons who accrued benefits both before and after January 1, 2003, who commenced annuity payments under the Plan on or after January 1, 2003 and who were at least age 55 but younger than 65 on the date their benefit payments commenced, as well as participants who accrued benefits under the Plan before January 1, 2003 who terminated between 1/1/2002 and 12/31/2002 and who were at least age 55 but younger than 65 when they commenced annuity payments on or after January 1, 2003; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

**Class J**:  All persons who entered the Plan for the first time on or after January 1, 2003 but on or before July 22, 2014 and who were either still employed as of July 22, 2014 or were vested when they terminated employment; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

2.     The Court agrees that there is good cause for modifying the definitions of Classes G and J in this way and to conform to the parties' Agreement.  *See* Agreement § I.1.N.  The modification to Class G's original definition, which inadvertently excluded annuitants who terminated employment during 2002 but did not commence their annuity payments until 2003 or later, will avoid the exclusion of such annuitants from the settlement.  The modification to Class J's original definition will limit participation in the settlement to post-2002 Plan entrants who, as of the date the parties reached an agreement in principle, July 22, 2014, actually vested in their Plan benefit or who remain current Meriter employees and therefore may soon become vested in their Plan benefit.

**C.     Class Notice and Settlement Procedure**

1.     The Court approves the parties' proposed Mailed Notice and Publication Notice (collectively, the "Notices").

2.     The content of the Notices fully complies with due process and Fed. R. Civ. P. 23. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from

3

the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

*Id.*  The Court finds that the Notices, which are attached to the Agreement as Exhibits 2 and 3, and the plan for dissemination and publication of the Notices, are the best practicable and comply with the requirements of Fed. R. Civ. P. 23 and all requirements of due process.

3.      Specifically, the Notices describe the terms of the settlement, instruct Class Members about their rights and options under the settlement, adequately inform the Class about Class Counsel's intentions with respect to requesting attorneys' fees and expenses and the named plaintiffs' intentions to request incentive awards, and provide specific information regarding the date, time, and place of the final approval hearing.

4.      At the recommendation of Plaintiffs' counsel, the Court appoints McGladrey LLP as Notice Administrator.  The Notice Administrator is directed to provide the mailed notice to Class Members in accordance with the provisions of the Agreement and this Order.

5.      The Court will, therefore, approve the following settlement procedure and timeline:

a)      Not more than 10 days after the motion for preliminary approval and proposed settlement was filed in Court, Defendants shall provide notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).  A copy of the proposed CAFA Notice is filed with the Court at _____.  Having reviewed the proposed CAFA Notice, the Court finds and holds that Defendants will satisfy their obligations under CAFA upon mailing letters substantially in the form of Docket No ____.

b)       Within 5 business days after the entry of this Order, Plaintiffs shall send the Participant List to the Notice Administrator for the purpose of the mailing of the Mailed Notice to all Class Members.

c)       Within 21 days of entry of this Order, the Notice Administrator must begin mailing the Mailed Notice to Class Members to the last known addresses of all Class Members, which addresses shall be updated by the Notice Administrator as set forth in the Agreement.  The Notice Administrator shall engage in reasonable efforts as set forth in the Agreement to locate any Class Member whose Mailed Notice is returned and undeliverable and to make a second mailing to such Class Member.  The Notice Administrator must complete the mailing within 30 days of the entry of this Order. The Notice Administrator shall engage in reasonable efforts as set forth in the Agreement to locate any Class Member whose Mailed Notice is returned and undeliverable and to make a second mailing to such Class Member.

d)       No later than 30 days after the entry of this Order, the publication notice shall be published in *USA Today*.

e)       By no later than 45 days prior to the Fairness Hearing, *i.e.,* by November 21, 2014,[2] Plaintiffs and Class Counsel shall file a motion for final approval of the settlement, a motion for attorney's fees and expenses, and a motion for incentive awards for the named plaintiffs.  These motions may be filed as one motion or as separate motions at the election of Plaintiffs and Class Counsel.  Class Counsel must post all such motions on the website Plaintiffs and Class Counsel have maintained concerning this lawsuit – www.meriterpensionlawsuit.com – no later than 3 business days after filing the motion for final approval, *i.e.,* November 26, 2014.

---

[2] [All specific dates provided herein assume that the Fairness Hearing will be held on Monday, January 5, 2015.  If circumstances result in the Fairness Hearing taking place on a later date, the dates in this Order shall be adjusted accordingly.]

f)      Class Members shall have until 30 days prior to the final approval hearing, *i.e.,* December 8, 2014, to object to the proposed settlement, the proposed plan of allocation, the motion for attorney's fees and expenses and/or the motion for incentive awards for the named plaintiffs.  Any such Class Member's objection must include:  (a) the objector's full name and address and an appearance on behalf of any counsel representing the objector; (b) a notice of intention to appear in Court if the objector desires to appear and be heard; (c) a detailed statement of each objection asserted; (d) any documents and writings which such Class Member desires the Court to consider; and (e) a list of witnesses the person may call by live testimony.  Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and defense counsel, postmarked no later than 30 days prior to the final approval hearing, *i.e.,* December 8, 2014.

g)      No later than the deadline established for objecting to the Settlement, as outlined in the preceding paragraph, Class Members shall give Effective Notice to Class Counsel and Defendants' Counsel, as provided by the Agreement, of any Individual Claims they may have based on factual errors regarding that participant's salary, age, or years of service, or other individualized circumstance.

h)      No later than 7 days prior to the final approval hearing, *i.e.,* December 29, 2014, the Notice Administrator and Class Counsel shall file a declaration with the Court confirming compliance with notice procedures.  On or before that date, the parties may also respond to any objections to the settlement, the proposed plan of allocation, the motion for attorney's fees and expenses or the motion for incentive awards for the named plaintiffs.  Copies

of all papers shall be served upon all persons (or their counsel) who file a valid and timely objection to the Settlement.

        i)      The Court will hold a fairness hearing on January 5, 2015, at __:00 _.m. At that time, the Court will consider:  (a) whether the proposed settlement is fair, reasonable, and adequate and whether it should be given final approval; (b) the proposed plan of allocation; (c) the amount of attorneys' fees and expenses that should be awarded to Class Counsel pursuant to Fed. R. Civ. P. 23(h); (d) the motion for named plaintiffs' incentive awards; and (e) any other matters necessary or appropriate for the Court's consideration.   Any Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court, provided however that no person shall be heard in opposition to the Settlement unless such person files a written objection requirements in compliance with Paragraph 5.f of this Order. Any Class Member who does not object in the requisite manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement.  If the Court grants final approval to the Settlement, Class Members shall be bound by all the provisions of the Agreement and all determinations and judgments made pursuant to the Agreement, including the Final Order and Judgment dismissing the Lawsuit with prejudice.  No Class Member may request exclusion from the Settlement.

        (j)      Pending the final determination of whether the Settlement should be approved, Named Plaintiffs and each Class Member shall be enjoined from directly or indirectly commencing or prosecuting any action in any court concerning or relating to any of the Released Claims described in the Agreement.  Such injunction shall remain in force until such time as the Agreement has become null and void or the Court enters a Final Order and Judgment.  In the event that the Settlement does not become final in accordance with the terms of the Agreement,

7

then this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Lawsuit shall proceed, in those circumstances, as described in the Agreement. If the Settlement is approved by the Court, the Court shall retain exclusive jurisdiction over the Named Plaintiffs, Class Members, Defendants, and the Lawsuit with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Agreement.

IT IS ORDERED that:

Plaintiffs' motion for preliminary approval of settlement agreement, approval of the proposed class notices, and for modification of the definitions of Classes G and J is GRANTED.

IT IS ORDERED this ___ day of _____, 2014.

BY THE COURT:

_____

WILLIAM M. CONLEY
District Judge

8