Exhibit 4 to Class Settlement Agreement

*Johnson, et al. v. Meriter Health Services Employee Retirement Plan, et al.*,
3:10-cv-00426-wmc (W.D. Wis.)

# Proposed Final Approval Order

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**PHYLLIS JOHNSON,** *et al.*,

On behalf of themselves and on behalf of
all others similarly situated,

                Plaintiffs,

   v.

**MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN, and
MERITER HEALTH SERVICES, INC.,**

                Defendants.

Case No. 3:10-cv-00426-wmc

### FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE

Plaintiffs, on behalf of themselves and the Class, and Defendants Meriter Health Services Employee Retirement Plan ("the Plan") and Meriter Health Services, Inc. ("Meriter") (collectively, "Defendants") have agreed to settle this class action suit (the "Lawsuit") on the terms and conditions set forth in the Class Settlement Agreement (the "Agreement") filed with the Court on September 15, 2014.  Currently pending is Plaintiffs' motion pursuant to Fed. R. Civ. P. 23(e) for final approval of the parties' Agreement and for Class Counsel attorney's fees and expense reimbursement and any Named Plaintiffs' Incentive Awards.[1]  The Court hereby

---

[1] "Named Plaintiffs' Incentive Award" is defined by the Agreement as "the monetary amount awarded by the Court, if any, to the 12 persons individually identified in the definition of 'Named Plaintiffs' above (*i.e.*, each of the 11 class representatives and Tammy J. Wetley) in recognition of their assistance in the prosecution of this Lawsuit."  Those individual "Named Plaintiffs" are Phyllis J. Johnson, Madge E. English, Claudia M. Greco, Joyce E. Emerson, Sue L. Hansen, Donna L. Smith, Linda L. Muller, Michele L. McCabe, Krystal J. Wages, Ann Marie Stephens, Jill E. Anthony, and Tammy J. Wetley (f/k/a Boyd).

grants the motion.

On _____, 2014, this Court entered an order (the "Preliminary Approval Order") that, *inter alia*, granted preliminary approval of the Settlement and plan of allocation and directed that Notice be given to Class Members of the proposed Settlement and of the Fairness Hearing.  The Court approved the form and content of the Mailed Notice and the Publication Notice (collectively, the "Notices") which were attached as Exhibits to the Agreement.  The Notices informed the Class Members of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing:  (i) whether the Court should grant final approval of the Settlement and the recommended plan of allocation; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorney's fees and expenses to be awarded to Class Counsel and the amount of the Named Plaintiffs' Incentive Awards requested; and (iv) any objections by Class Members to any of the above.

In accordance with the Notice to Class Members, a Fairness Hearing was held on _____ __, 2015.  Now, the Court, having heard argument and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this case, enters the following findings:

1. The Court has jurisdiction over the subject matter of this Lawsuit, the Named Plaintiffs, the Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Agreement, together with all of its exhibits, is incorporated in this Judgment, and to the extent not otherwise defined herein, all capitalized words, terms, and phrases used in this Judgment shall have the same meaning as used in the Agreement.

3. The Class definitions for the 11 classes or subclasses A, B, C, D, E1, E2, F, G, H, I, and J are those defined and certified by the Court on April 25, 2013 (Doc. 245) as modified (for Classes G and J) by the Preliminary Approval Order.

4. The Notice Administrator caused the Mailed Notices of Settlement to be mailed to all Class Members, as evidenced by the Notice Administrator's filed proof of mailing.

5. The Notice Administrator caused the Publication Notice to be published in *USA Today* on_____ __, 2014, as evidenced by the Notice Administrator's filed proof of publication.

6. The Court determines that the Notices constituted the best notice practicable under the circumstances and provided adequate notice to Class Members. The Notices were reasonably calculated to apprise interested parties of the pendency of the Lawsuit, the nature of the claims, the Class definition, and interested parties' opportunity to present objections to the Settlement and/or to the application for Class Counsel's attorneys' fees and expenses and Named Plaintiffs' Incentive Awards.

7. The form and manner of the CAFA Notice provided by Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, fully complied with CAFA, and I find that Defendants have fully satisfied their obligations under CAFA.

8. In response to the Notices, __ Class Members submitted timely objections to the Settlement. __ objections were presented at the Fairness Hearing. The Court has duly considered any objections to the Settlement that were filed and _____.

9. After considering the strength of Plaintiffs' case and Defendants' defenses compared to the Settlement amount, the complexity and probable length of continued litigation, the extent of the opposition to the Settlement, the opinion of Class Counsel, the stage of the

3

proceedings, the absence of collusion, Defendants' ability to pay, the reaction of Class Members, and the public interest, the Court finally approves the Settlement in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e).

10.     From the outset of this case, the Class faced and continues to face numerous affirmative defenses and litigation risks – on liability, damages, and the statute of limitations – that could create a complete bar to recovery or leave Class Members with a recovery less than that presented under the Settlement.  The Total Settlement Amount is a reasonable and fair recovery under these circumstances.

11.     The Court further finds that the plan of allocation should be approved because it is a reasoned and considered allocation given the specifics of each Class Member's relative position under the Plan and Class Counsel's assessment of the relative strength of each Class Member's claims.  The plan of allocation allocates the net settlement proceeds on an individualized basis by taking each Class Member's alleged damages, making adjustments based on the probability of success of each claim in light of the litigation risks specific to each claim and the statute of limitations risk specific to each Class Member, and then distributing the net settlement benefit *pro rata.*

12.     Class Counsel have sought an award of attorney's fees, exclusive of costs and expenses, in an amount equal to __% of the Total Settlement Amount, *i.e.*, $____, and reimbursement for out-of-pocket litigation expenses and costs incurred in settlement administration (including the costs of paying the Notice Administrator and for paying an ERISA enrolled actuary to compute Class Members' Individual Gross Settlement Benefits and Individual Net Settlement Benefits).

13. Under the Court of Appeals' market rate jurisprudence, this Court must decide if the rate requested is within the range of rates the Class and Class Counsel would have negotiated as willing buyer and willing seller in light of the risk of nonpayment and the normal rate of compensation in the market at the time.

14. The __% requested fee award is approved. In 2010, before this case was filed, had the Class and Class Counsel, as willing buyer and willing seller, negotiated the fee, they would have agreed on a contingent fee of __% of any recovery, if not higher. The evidence establishing this includes the fact that: (1) the Class would have sought to retain the best ERISA counsel it could; (2) the market for highly-qualified ERISA counsel with the resources and track record capable of handling a case of this magnitude and complexity is small; (3) the risks of non-recovery were substantial; (4) Class Counsel is among the most experienced, able, and recognized ERISA pension class action attorneys in the country; (5) no other counsel had stepped forward to represent the Class or any Class Member (indeed, even after the case was filed, no other counsel offered to share some of the risk, work, or hundreds of thousands of dollars in expert and related expenses that a commitment to this case would have entailed); and (6) other highly-qualified ERISA class action attorneys would have declined the representation if the Class would not have agreed to a contingent fee of between 25% and 33-1/3%.

15. The Court also finds that the requested fee award is fair and reasonable in light of the result obtained for the Class; the multiple risks of non-recovery or a greatly reduced recovery; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the fact that the

percentage-of-the-fund award requested is within the range of awards granted in similar cases in this district and this Circuit.

16. The Court finds that the out-of-pocket litigation expenses and costs incurred in settlement administration of $\_\_\_ have been adequately documented, were reasonably incurred in connection with the prosecution of the action, and are reasonable for a case of this complexity, scope, and duration. Reimbursement of the requested amount is also hereby approved.

17. The attorney's fees and expenses shall be paid exclusively out of the Total Settlement Amount pursuant to the terms of the Agreement.

18. Named Plaintiffs Phyllis J. Johnson, Madge E. English, Claudia M. Greco, Joyce E. Emerson, Sue L. Hansen, Donna L. Smith, Linda L. Muller, Michele L. McCabe, Krystal J. Wages, Ann Marie Stephens, Jill E. Anthony, and Tammy J. Wetley (f/k/a Boyd) each are awarded Named Plaintiffs' Incentive Awards of $5,000 to be paid exclusively out of the Total Settlement Amount pursuant to the terms of the Agreement. Based on the representations and submissions by Class Counsel, the Court finds that the prospect of such awards was reasonably necessary to encourage the Named Plaintiffs to serve, are deserved, and are within the range of previous awards of this kind.

19. The Released Claims, as defined in the Agreement, are released and discharged as of the Effective Date of the Settlement. Plaintiffs-Releasors are enjoined and barred from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims against any Released Party directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum, wherever located. \_\_\_ class members gave Effective Notice to exclude an Individual Claim from

the scope of the release, as those terms are defined in the Agreement. As such, [all/all other] class members have released any Individual Claims for which Effective Notice was required under the agreement.

20. The Court recognizes that Defendants have denied and continue to deny Named Plaintiffs' and Class Members' claims. Neither the Agreement, this Judgment, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of Defendants, or any other person or entity, of any fault, omission, mistake, or liability, nor as evidence of Plaintiffs' lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and the orders of this Court approving same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation. The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

21. The Court hereby dismisses the claims of Named Plaintiffs and Class Members against the Plan with prejudice and without costs.

22. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, and/or enforce this Final Order and Judgment, the Preliminary Approval Order, and the Agreement.

23. In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* and the Lawsuit shall proceed.

SO ORDERED this \_\_\_\_\_ day of _____, 20\_\_.

_____
William M. Conley
United States District Judge
Western District of Wisconsin