UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHYLLIS JOHNSON, *et al.*,

On behalf of themselves and on behalf of
all others similarly situated,

Case No. 3:10-cv-00426-wmc

Plaintiffs,

v.

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN, and
MERITER HEALTH SERVICES, INC.,

Defendants.

---

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND NAMED PLAINTIFFS' INCENTIVE AWARDS**

Pursuant to Fed. R. Civ. P. 23(e), Plaintiffs Phyllis Johnson, *et al.*, on behalf of themselves and on behalf of all others similarly situated (the "class"), respectfully move for an order granting final approval of the settlement of this lawsuit and the recommended plan of allocation of net settlement proceeds and approving class counsel's request for attorney's fees and expense reimbursement and request for incentive awards for the named plaintiffs.

As shown more fully in the accompanying memorandum of points and authorities, Plaintiffs respectfully submit that:

1. The $82 million settlement should be approved because it is fair, reasonable, and adequate.

2. Plaintiffs submit that the plan of allocation should be approved because it fairly and reasonably allocates the net settlement proceeds on an individualized basis through a formula that reflects the relative value of class members' individual claims in light of the

litigation risks specific to each such claim and, following these adjustments, distributes the net settlement benefit on a *pro rata* basis in proportion to each individual's determined value of their claim.

3. Class counsel submits that their request for a fee award equal to 29% of the common fund should be granted as fair and reasonable. In the Seventh Circuit, the reasonable fee is the market rate for class counsel's services at the outset of the case. All of the available evidence points to the conclusion that in an arm's-length *ex ante* negotiation, the class would have likely offered fully one-third (33-1/3%) of the fund plus costs, higher than the fee counsel are now requesting from the Court.

4. Class counsel submits their expense reimbursement request of $1,774,629.36 (including notice costs) should be granted as both reasonable for this type of case and appropriately documented.

With Defendants' concurrence, *see* 11/21/14 Declaration of Eli Gottesdiener ¶ 2 (filed herewith), for the Court's convenience, Plaintiffs are attaching a proposed final order that is substantially identical to the proposed final order attached to the parties' September 15, 2014 settlement agreement (and attached to Plaintiffs' motion for preliminary approval of the settlement (Dkt. 457-5)). The proposed order has been updated principally to reflect additional information that was not available on September 15 when the order was initially prepared.

Dated: November 21, 2014                                  Respectfully submitted,

                                               s/ *Eli Gottesdiener*
                                               Eli Gottesdiener
                                               Steven D. Cohen
                                               Matthew C. Norgard
                                               Albert Huang
                                               Gottesdiener Law Firm, PLLC

498 7th Street
Brooklyn, New York 11215
Telephone: (718) 788-1500
Telecopier: (718) 788-1650
Email: eli@gottesdienerlaw.com

*Counsel for Plaintiffs and the Class*