UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHYLLIS JOHNSON, *et al.*,

On behalf of themselves and on behalf of
all others similarly situated,

Case No. 3:10-cv-00426-wmc

Plaintiffs,

v.

MERITER HEALTH SERVICES
EMPLOYEE RETIREMENT PLAN, and
MERITER HEALTH SERVICES, INC.,

Defendants.

## FINAL JUDGMENT

This action came for consideration before the court with District Judge William M. Conley presiding. Pursuant to the January 5, 2015, Opinion and Order (dkt. #483), it is hereby ORDERED and ADJUDGED as follows:

1) The court APPROVES the parties' settlement pursuant to Fed. R. Civ. P. 23(e).

2) Plaintiffs' motion for final approval of settlement agreement, plan of allocation and attorneys' fees, reimbursement of expenses and named plaintiffs' incentive awards (dkt. #471) is GRANTED.

3) The court AWARDS to class counsel attorney's fees to be paid out of the total settlement amount in the amount of $22,550,000.00, and costs in the amount of $1,774,629.36.

4) The court further AWARDS incentive fees of $5,000, also to be paid out of the total settlement amount, to named plaintiffs Phyllis A. Johnson, Madge E. English, Claudia M.

Greco, Joyce E. Emerson, Sue L. Hansen, Donna L. Smith, Linda L. Muller, Michele L. McCabe, Krystal J. Wages, Ann Marie Stephens, Jill E. Anthony, and Tammy J. Wetley.

5) The court DIRECTS distribution of the net settlement proceeds consistent with the approved plan, which allocates the net settlement proceeds on an individualized basis through a formula that takes into account the relative value of each claim in light of litigation risks and distributes the net settlement on a *pro rata* basis in proportion to each individual's determined value of his or her claim. For class members who have not elected to receive a distribution from the Plan, the parties agree that the net settlement benefit (pursuant to the plan of allocation) is a benefit determined as if the net settlement benefit were a pay credit under section 3.1 of the Plan document, effective January 1, 2003, credited to an account as of January 1, 2015, that is in addition to the benefit the class member would have received but for the settlement.

6) The court DISMISSES the claims of named plaintiffs and class members against defendants with prejudice and without further costs. Class members are ENJOINED AND BARRED from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the released claims against any released party directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum, wherever located. Pursuant to the parties' agreement, all class members have released all individual claims, as defined by the settlement agreement to include, in the case of class members paid prior to the deadline for the distribution of the mailed notice, any claims based on factual errors regarding that participant's salary, age, years of service, or other individualized circumstance. No individual provided "Effective Notice" of such a claim, as was required to exclude any such claim from the release contained in the agreement. This judgment is not a

finding of the validity or invalidity of any of the claims asserted or defenses raised in the litigation.

7) Without affecting the finality of this judgment, the court retains jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to implement, interpret, and/or enforce this final judgment, final opinion and order, the preliminary approval order, and the settlement agreement, the terms of which are hereby incorporated into this judgment.

Approved as to form this 7th day of January, 2015.

_____
William M. Conley
District Judge

_____      1/7/15
Peter Oppeneer                                            Date
Clerk of Court

3